IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID SARGENT, )
)
      **Plaintiff,** )
)
vs. ) CIVIL NO. 07-488-GPM
)
SARAH DILLMAN, *et al.*, )
)
      **Defendants.** )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate at the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks damages and injunctive relief for alleged violations of his constitutional rights flowing from the collection of a DNA sample from him for use in the state's DNA database. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which

relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**THE COMPLAINT**

Plaintiff asserts that he was convicted in 1999 of unspecified crimes.[1] On June 23, 2005, Plaintiff was summoned to the Bureau of Investigation building at Menard Correctional Center for the purpose of having his picture taken. Plaintiff states that he was informed by Defendant Dillman that he was also required to give a DNA saliva sample and, therefore, she had to swab Plaintiff's mouth. Additionally, Plaintiff was informed that he would have to sign his name on a "DNA Indexing Data Sheet."

Although Plaintiff verbally objected to giving Defendant Dillman the DNA sample, it appears that Defendant Dillman was nonetheless able to swab Plaintiff's mouth to obtain the sample. Plaintiff, however, wrote the words "under protest & duress" along with his signature on the "DNA Indexing Data Sheet" in order to signify that he was giving the DNA sample involuntarily. Defendant Dillman tore up the "DNA Indexing Data Sheet" instructing Plaintiff to sign only his name and specifically instructing Plaintiff not to write the phrase "under protest & duress." Fearing disciplinary action would be taken against him if he disobeyed Dillman's order, Plaintiff signed only his name.

Plaintiff filed a grievance concerning both Defendant Dillman's refusal to let him write "under protest & duress" on the "DNA Indexing Data Sheet" and her collection of the DNA sample. Specifically, Plaintiff claimed that he was not one of the inmates who is required to give a DNA

---

[1] According to the Illinois Department of Corrections' on-line inmate locator service, Plaintiff is currently serving sentences for murder, home invasion, and armed robbery.

sample under 730 ILCS 5/5-4-3. Plaintiff's grievance was denied, but prison officials did note in Plaintiff's file that the sample was obtained involuntarily. Plaintiff also wrote a letter to the Director of the Illinois State Police because during the grievance process, Plaintiff was told that the DNA sample had been collected in accordance with 730 ILCS 5/5-4-3 and regulations prepared by the Illinois State Police.

**DISCUSSION**

With respect to the taking of the DNA sample, Plaintiff's primary argument appears to be that he is not one of the class of inmates specified in 730 ILCS 5/5-4-3 who are required to provide a DNA sample for inclusion in the state's DNA database. Consequently, Plaintiff contends that taking the DNA sample from him violated his Fourth, Fifth, Sixth, and Eighth Amendment rights and also violated the Ex Post Facto Clause.

Courts have upheld the DNA collection provisions of 730 ILCS 5/5-4-3 against Fourth Amendment, Fifth Amendment, Eighth Amendment, and Ex Post Facto challenges. *See Gilbert v. Peters*, 55 F.3d 237, 238-39 (7th Cir. 1995) (holding that requiring prisoners convicted prior to enactment of statute to comply with its terms does not violate the Ex Post Facto Clause); *Sterson v. Doe*, No. 03 C 50053, 2004 WL 50053 (N.D. Il. June 2, 2004)(dismissing prisoner's Fourth Amendment and Ex Post Facto challenges to 730 ILCS 5/5-4-3 as barred by Seventh Circuit law); *cf. Green v. Berge*, 354 F.3d 675, 677-78 (7th Cir. 2004) (holding that similar Wisconsin statute requiring all incarcerated felons to provide DNA samples does not violate Fourth Amendment); *United States v. Hook*, 471 F.3d 766, 771-774 (7th Cir. 2006) (holding that similar Federal statute requiring inmates to provide DNA samples for national database did not violate the Fourth Amendment, Fifth Amendment, Eighth Amendment, or the Ex Post Facto clause). Thus, if the State

of Illinois chose to require Plaintiff to submit a DNA sample for inclusion in a DNA database it could so do without violating Plaintiff's constitutional rights.

Plaintiff's argument is that the State of Illinois has chosen not to make him do so. Prison officials, on the other hand, appear to read the statute as applying to Plaintiff. This Court need not resolve the dispute over whether Plaintiff is or is not one of the class of inmates required to provide a DNA sample under 730 ILCS 5/5-4-3. Assuming *arguendo* that Plaintiff is not a member of the class required to provide a DNA sample, then Defendant Dillman's collection of the sample from Plaintiff for inclusion in the state's DNA data base was not required by state law. Defendant Dillman's alleged error concerning state law, however, does not make Plaintiff's Fourth Amendment, Fifth Amendment, Eighth Amendment, and Ex Post Facto claims suddenly viable. The reasoning and logic of the above-cited cases rejecting such claims still applies whether Defendant Dillman correctly (or incorrectly) determined that Plaintiff fell within the class of inmates required to provide a DNA sample. Furthermore, a misinterpretation of state law is not itself a constitutional violation. Therefore, Plaintiff's Fourth Amendment, Fifth Amendment, Eighth Amendment, and Ex Post Facto claims should be dismissed pursuant to § 1915A for failing to state a claim upon which relief may be granted.

It is unclear exactly what provision of the Sixth Amendment Plaintiff contends was violated by the Defendants. In support of this claim, Plaintiff alleges that "[t]he actions of [the] Defendants . . . infringed upon Plaintiff's mandatory punishment rendered by the trial/sentencing court . . . thus, excluding notice and opportunity to defend himself against such actions where no evidence existed to validate such action of the taking of Plaintiff's DNA." Given this allegation, the Court is simply unable to concoct any legal theory involving Plaintiff's Sixth Amendment rights. Plaintiff's current

sentence was not enhanced by the taking of his DNA sample (i.e., it was not a violation of the Ex Post Facto clause) nor is Plaintiff currently facing any charges resulting from the DNA sample taken from him. Therefore, Plaintiff's Sixth Amendment claim should be dismissed.

Plaintiff's First Amendment claims should also be dismissed pursuant to 28 U.S.C. § 1915A. Without question, Plaintiff has a First Amendment right to petition the prison for the redress of his grievances and, thus, to register his objection to the collection of a DNA sample from him. For the good order and security of the penal facility and its procedures, though, Plaintiff does not have free reign to choose the manner of his protest. *See Turner v. Safley*, 482 U.S. 78 (1987) (a prison regulation impinges upon a prisoner's First Amendment right will be upheld if it is reasonably related to a legitimate penological interest). An inmate, for example, has no constitutionally protected right to disrupt a prison assembly by shouting. Likewise, an inmate has no First Amendment right to write "under protest & duress" on state forms and paperwork. Plaintiff had access to - and utilized - the prison grievance system to lodge his protest concerning the taking of the DNA sample. Thus, Plaintiff's First Amendment rights were not violated.

## DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**DATED:** 08/19/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge